IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER WILLIAMS        :        CIVIL ACTION
                            :
             v.             :
                            :
JEFFREY A. BEARD, et al.    :        NO. 01-4947


MEMORANDUM AND ORDER


McLaughlin, J.                          December 1, 2006


        This case involves a petition for a writ of habeas
corpus filed by Christopher Williams ("Mr. Williams") pursuant to
28 U.S.C. § 2254.  On November 30, 2005, Magistrate Judge Carol
Sandra Moore Wells issued a report and recommendation, which
concluded that the petition should be dismissed as untimely and
that petitioner's request for a certificate of appealability
should be denied.  The petitioner filed his objections to the
report and recommendation on May 5, 2006, and the Commonwealth
responded on August 23, 2006.  The Court agrees with Magistrate
Judge Wells' ultimate conclusions for the reasons that follow.
The Court will dismiss Mr. Williams' petition as untimely and
deny his request for a certificate of appealability.


I.   FACTS

        On January 22, 1992, the petitioner was convicted of
first degree murder, criminal conspiracy, kidnaping, robbery and
possession of an instrument of a crime.  The jury sentenced the

petitioner to life imprisonment.  Following the denial of post-sentence motions, the state court formally sentenced the petitioner to life imprisonment on September 12, 1994.

Beginning immediately after his conviction, the petitioner began calling and writing to post-conviction counsel, at first requesting that an appeal be filed and later inquiring into the status of that appeal.  Post-conviction counsel neither responded to the petitioner's numerous letters and telephone calls nor filed an appeal.  The petitioner eventually contacted the Pennsylvania Superior Court on May 29, 1996, and five days later, the petitioner learned that no notice of appeal was ever filed.

Thereafter, the petitioner filed a pro se petition to have new counsel appointed for appeal with the Pennsylvania Superior Court.  On November 12, 1996, the Superior Court denied that petition.

On December 26, 1996, the petitioner filed a pro se petition for collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), in which the petitioner sought reinstatement of his appeal rights nunc pro tunc, or in the alternative, a new trial based on ineffective assistance of counsel.  Court-appointed counsel subsequently filed two amended petitions, alleging ineffective assistance of both trial and appellate counsel.  The Court of Common Pleas dismissed the

-2-

petition on April 30, 1998.  The Superior Court affirmed the dismissal on November 24, 1998, and the Supreme Court of Pennsylvania denied review on June 29, 2000.

On August 28, 2000, the petitioner filed a second PCRA petition, wherein he argued that because he had been denied his constitutional right to direct appeal, his prior PCRA petition should be treated as a direct appeal.  This second PCRA petition was dismissed as untimely on April 16, 2001, and the petitioner filed a timely notice of appeal.

In light of the state court's ruling that the petition was untimely, the petitioner filed a "protective" petition for a writ of habeas corpus with this Court on September 28, 2001.  The case was referred to Magistrate Judge Wells, who recommended that the petition be dismissed without prejudice to the petitioner's right to re-file at the conclusion of state court proceedings. This Court adopted the recommendation except insofar as it concluded that the state PCRA petition was "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).  The petition was accordingly dismissed on September 3, 2002.  The petitioner appealed that decision.

While the petitioner's appeal was pending in the United States Court of Appeals for the Third Circuit, the Pennsylvania Superior Court affirmed the dismissal of the petitioner's second PCRA petition as untimely.  The petitioner filed a timely notice

-3-

of appeal, but on August 6, 2003, the Supreme Court of Pennsylvania denied review.

Following the Supreme Court of Pennsylvania's decision, the United States Court of Appeals for the Third Circuit vacated this Court's September 2, 2002, dismissal of Mr. Williams' habeas petition and remanded the case for disposition.  After the Commonwealth submitted its response to Mr. Williams' petition, this Court once again referred the case to Magistrate Judge Wells for a report and recommendation.

Because of its potential to affect the court's decision regarding the timeliness of Mr. Williams' federal habeas petition, Magistrate Judge Wells granted the petitioner's unopposed request to hold the proceedings in abeyance pending the outcome of Pace v. DiGuglielmo, 544 U.S. 408 (2005).  After the case was decided, both parties filed briefs addressing the impact of Pace, and on November 30, 2005, Magistrate Judge Wells issued a report and recommendation, which concluded that Mr. Williams' petition should be dismissed and no certificate of appealability should issue.  The petitioner submitted objections to this report and recommendation on May 5, 2006, and the Commonwealth responded on August 23, 2006.

## II.  APPLICATION OF THE AEDPA'S STATUTE OF LIMITATIONS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner generally has one year from the

-4-

date on which a state court judgment of conviction becomes final to file an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1) (2006); Evans v. Chavis, 126 S. Ct. 846, 848-49 (2006).  A judgment of conviction becomes final at the conclusion of direct review or at the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  Prisoners whose convictions became final before passage of the AEDPA were given one year from the effective date of the statute, April 24, 1996, in which to file.  Johnson v. United States, 544 U.S. 295, 300 (2005).

The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling.  Jones v. Morton, 195 F.3d 153, 158-59 (3d Cir. 1999).  The limitations period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  The limitations period will be equitably tolled when the principles of equity would make the rigid application of a limitations period unfair.  Jones, 195 F.3d at 159.  This unfairness generally occurs when some "extraordinary circumstance" prevents a petitioner from asserting his or her rights.  See id.

The petitioner concedes that statutory tolling offers him no basis for arguing that his petition is timely.  The petitioner argues instead that he is entitled to equitable

-5-

tolling, and as a result, his petition is timely.  More
specifically, the petitioner argues that the following
extraordinary circumstances prevented him from exercising his
rights: (i) the petitioner's abandonment by direct appeal
counsel; (ii) the state courts' failure to follow clearly
established law; (iii) the petitioner's reasonable belief that
his state PCRA petition was "properly filed;" and (iv) the
unavailability of federal habeas relief.  The petitioner
alternatively argues that even if no extraordinary circumstances
were present, the Court should nevertheless equitably toll the
statute of limitations because the petitioner's conviction was
used as an aggravating factor in a subsequent capital case.

A.   <u>Equitable Tolling</u>

The United States Court of Appeals for the Third
Circuit has held that the AEDPA's one-year statute of limitations
is subject to equitable tolling.  <u>LaCava v. Kyler</u>, 398 F.3d 271,
275 (3d Cir. 2005).  The court has been careful to point out,
however, that equitable tolling should be applied sparingly and
"only in the rare situation where [it] is demanded by sound legal
principles as well as the interests of justice."  <u>Id.</u>  Equitable
tolling should be applied only when the principles of equity
would make the rigid application of a limitations period unfair.
<u>Id.</u>

-6-

A litigant seeking equitable tolling bears the burden of establishing that (i) some "extraordinary circumstance" prevented the litigant from asserting his or her rights, and (ii) the litigant exercised reasonable diligence in attempting to investigate and bring his or her claims. <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001).

    1.   <u>Extraordinary Circumstances</u>

    a.   <u>Abandonment by Direct Appeal Counsel</u>

The petitioner argues that he is entitled to equitable tolling because he was abandoned by direct appeal counsel.  The Court will not reach the merits of this argument because even if the AEDPA's statute of limitations were equitably tolled during the period of abandonment, Mr. Williams' petition would still be time-barred.

The period of abandonment began immediately after the petitioner's conviction on September 12, 1994, and lasted, at the latest, until the petitioner filed his first PCRA petition on December 26, 1996.  During the pendency of that petition, the AEDPA's statute of limitations was tolled statutorily.  Under this theory, the statute of limitations would be tolled for the entire period from the petitioner's conviction until the

dismissal of his first PCRA petition by the Pennsylvania Supreme Court on June 29, 2000.  The petitioner would consequently have until June 29, 2001, to file a federal habeas petition.  Because the petitioner did not file his petition until September 28, 2001, the petition is time-barred, with or without equitable tolling.

Equitable tolling for this time period would be relevant only if it were "tacked" in some way to subsequent periods of equitable tolling.  As explained below, however, there is no basis for equitably tolling the statute of limitations for any time period after the petitioner's first PCRA petition was dismissed.  Determining whether equitable tolling applies to the time period before the petitioner's first PCRA petition was dismissed is therefore unnecessary.

b.   The State Courts' Failure to Follow Clearly Established Law

The petitioner argues that he is entitled to equitable tolling because the state courts failed to follow clearly established law by dismissing his second PCRA petition as untimely.  The petitioner reasons that after the state courts erroneously dismissed his first PCRA petition without reinstating his direct appeal rights <u>nunc</u> <u>pro</u> <u>tunc</u>, the state courts should have treated these proceedings as his direct appeal when evaluating the timeliness of his second PCRA petition.  Had the

-8-

courts followed this course of action, the petitioner's second PCRA petition would have been timely and therefore "properly filed" for purposes of statutorily tolling the AEDPA's limitations period.  The petitioner's argument fails because it is not clearly established law that the state courts should have treated his first PCRA petition as his direct appeal.

This argument stems from the Pennsylvania Superior Court's erroneous decision to dismiss Mr. Williams' first PCRA petition without reinstating his appeal rights <u>nunc</u> <u>pro</u> <u>tunc</u>. While Mr. Williams' first PCRA petition was on appeal to the Pennsylvania Superior Court, the Pennsylvania Supreme Court decided <u>Commonwealth v. Lantzy</u>, which clarified the requirements for obtaining PCRA relief in cases where counsel fails to file a requested direct appeal.  736 A.2d 564, 572 (Pa. 1999) [hereinafter <u>Lantzy II</u>].  The Pennsylvania high court explained that in these cases, a petitioner need not establish his innocence or demonstrate the merits of the issues he would have raised on appeal.  <u>Id.</u>  Rather, failure to file a requested direct appeal, in and of itself, constitutes ineffective assistance of counsel and entitles the petitioner to restoration of direct appeal rights <u>nunc</u> <u>pro</u> <u>tunc</u>.  <u>Id.</u> at 572-73.

Despite this clear holding, the Superior Court failed to follow <u>Lantzy II</u>.  The court instead found that the various ineffectiveness claims the petitioner would have raised on appeal

-9-

were meritless and dismissed the petition.  This refusal to follow <u>Lantzy II</u> was erroneous: the petitioner requested that an appeal be filed, but direct appeal counsel unjustifiably failed to do so.  The Pennsylvania Supreme Court nevertheless affirmed on June 29, 2000.

The petitioner argues that once the state courts erred in dismissing his first PCRA petition without reinstating his appeal rights <u>nunc pro tunc</u>, clearly established law directed the state courts to treat his first PCRA petition as a direct appeal when evaluating the timeliness of his second PCRA petition.  Had the courts treated his first PCRA petition as a direct appeal, his second PCRA petition would have been considered a timely first PCRA petition, thereby statutorily tolling the AEDPA's statute of limitations during its pendency.  Such tolling would then render the petitioner's federal habeas petition timely.

The problem with the petitioner's argument is that no Pennsylvania case has ever held that when a PCRA petition for reinstatement of appeal rights is erroneously denied, the attendant proceedings should be considered a direct appeal.  The petitioner cites four cases for this proposition, but not one is on point.  The first three cases held that when a PCRA petition results in the <u>successful</u> restoration of appeal rights, a subsequent PCRA petition will be considered a first petition. <u>Commonwealth v. O'Bidos</u>, 849 A.2d 243, 252 n.3 (Pa. Super. Ct.

-10-

2004); <u>Commonwealth v. Karinnicolas</u>, 836 A.2d 940, 944-45 (Pa. Super. Ct. 2003); <u>Commonwealth v. Lewis</u>, 718 A.2d 1262, 1263-64 (Pa. Super. Ct. 1998).  The fourth case found that where a trial court requires an appellant to file a PCRA petition concurrently with his post-verdict motions, and where all claims are reviewed on direct appeal, the PCRA petition will be considered part of appellant's direct appeal.  <u>See</u> <u>Commonwealth v. Marshall</u>, 810 A.2d 1211, 1215-16 (Pa. 2002).  The cases therefore fail to support the proposition that clearly established law directed the state courts to treat petitioner's first PCRA petition as a direct appeal.

On the contrary, clearly established Pennsylvania law directed the state courts to treat the petitioner's request for reinstatement of appeal rights as a PCRA petition.  As explained in <u>Lantzy II</u>, the Pennsylvania PCRA provides the sole means of obtaining collateral review, encompassing all other common law rights and remedies, including requests for reinstatement of appeal rights.  <u>Lantzy II</u>, 736 A.2d at 569-70; 42 Pa. S.C.A. § 9542.  The state courts therefore complied with clearly established law in treating the petitioner's original collateral proceedings as PCRA proceedings.

Under these circumstances, the petitioner has failed to demonstrate that an "extraordinary circumstance" prevented him from filing a timely habeas petition.  Although the state courts

erred in dismissing his first PCRA petition without reinstating
his appeal rights, the petitioner was nevertheless free to file a
timely habeas petition after this dismissal.  The petitioner
instead decided to file a second PCRA petition, gambling that the
state courts would consider the prior proceedings to be his
direct appeal.  The petitioner's failure to file a timely habeas
petition therefore resulted from a strategic decision, not an
"extraordinary circumstance."

> ### c.   Petitioner's Belief that his Second PCRA Petition Was "Properly Filed"

The petitioner argues that he is entitled to equitable
tolling because he reasonably believed that his second PCRA
petition, even if untimely, was "properly filed" for purposes of
tolling the AEDPA's limitations period.  The petitioner's
argument fails because this belief was unreasonable in light of
contemporaneous Third Circuit law.

Under 28 U.S.C. § 2244(d)(2), the statute of
limitations for federal habeas relief is tolled only during the
pendency of "properly filed" applications for state post-
conviction relief.  Pace v. DiGuglielmo, 544 U.S. 408, 413
(2005).  Although the issue was not definitively resolved until
Pace, Third Circuit precedent at the time the petitioner filed
his second PCRA petition strongly suggested that untimely state
PCRA petitions would not be considered "properly filed" under the

AEDPA.  E.g., Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999).
In Lovasz v. Vaughn, for example, the court noted that a
"properly filed" application must be submitted according to the
state's procedural requirements, including rules governing the
time and place of filing.  134 F.3d 146, 148 (3d Cir. 1998)
(emphasis added).  Id.  Likewise, in Morris v. Horn, the court
noted that an untimely PCRA petition probably would not be
considered "properly filed" for purposes of tolling the AEDPA's
statute of limitations.  Morris, 187 F.3d at 338.  In Morris, the
court squarely addressed the statute of limitations problem
raised when a petitioner files a successive PCRA petition instead
of a habeas petition.  Id.  The court noted that if the
successive PCRA petition were dismissed as untimely, the AEDPA's
statute of limitations likely would not be tolled during its
pendency, and the petitioner may therefore be time-barred from
filing a habeas petition.  Id.

        Given these precedents, it was unreasonable for the
petitioner to believe that an untimely second PCRA petition would
be considered "properly filed" for AEDPA purposes.  Indeed, the
two cases petitioner relies upon for arguing that his belief was
reasonable, Artuz v. Bennett, 531 U.S. 4 (2000) and Nara v.
Frank, 264 F.3d 310 (3d Cir. 2001), were decided after he filed
his second PCRA petition.  The petitioner's unreasonable belief
that an untimely PCRA petition would be considered "properly

filed" for AEDPA purposes therefore does not constitute an "extraordinary circumstance."  Nothing prevented the petitioner from filing a habeas petition after his first PCRA petition was dismissed.

> d.   <u>Unavailability of Federal Habeas Review</u>

The petitioner argues that he is entitled to equitable tolling because habeas relief was unavailable to him when he filed his second PCRA petition.  The petitioner's argument fails because he could have filed a habeas petition that included only exhausted claims, or he could have filed a habeas petition that included all claims and sought some sort of protection from the federal court.

Under § 2254(b)(1), a habeas petitioner must exhaust state remedies before filing a petition.  28 U.S.C. § 2254(b)(1) (2006).  The Supreme Court has held that this exhaustion requirement is total, such that "mixed" petitions -- petitions that include both exhausted and unexhausted claims -- must be dismissed.  <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982).  Petitioners then have the option of (i) exhausting all claims before returning to federal court, (ii) abandoning unexhausted claims and proceeding with the rest, <u>id.</u> at 520, or (iii) seeking some other relief from the federal court that will protect the unexhausted claims.  <u>E.g.</u>, <u>Morris</u>, 187 F.3d at 338-39.  One example of a federal court affording protection to a petitioner's

-14-

unexhausted claims occurred in <u>Morris</u>, where the district court dismissed a petition without prejudice to the petitioner's right to file an amended petition pursuant to the relation-back provision of FRCP 15(c)(2).  <u>Id.</u> at 338.  Another example is the so-called "protective" habeas petition, where the petitioner asks the federal court to stay review and hold the petition in abeyance until the unexhausted claims are presented in state court.  <u>Crews v. Horn</u>, 360 F.3d 146, 154 (3d Cir. 2004).  Although the Third Circuit did not expressly approve the use of "protective" habeas petitions until 2004, the procedure was well-recognized in many other circuits at the time the petitioner filed his second PCRA petition.  <u>E.g.</u>, <u>Freeman v. Page</u>, 208 F.3d 572, 577 (7th Cir. 2000) (recognizing the ability of district courts to stay proceedings and hold a habeas petition in abeyance when dismissal would jeopardize the timeliness of the collateral attack); <u>Brewer v. Johnson</u>, 139 F.3d 491, 493 (5th Cir. 1998) (same).

        The petitioner was not prevented from filing a habeas petition by an "extraordinary circumstance."  The petitioner could have abandoned his unexhausted claims and filed a habeas petition containing only those claims he had exhausted in his first PCRA petition.  The petitioner alternatively could have filed a habeas petition and sought protection for his unexhausted claims from the federal court, like the petitioners in <u>Morris</u> and

-15-

<u>Crews</u>.  The petitioner therefore is not entitled to equitable tolling on this ground.


        2.  <u>Reasonable Diligence</u>

        The petitioner argues that he is entitled to equitable tolling because he exercised reasonable diligence in attempting to investigate and bring his claims.  The Court will not reach the merits of this argument.  Because petitioner was not prevented from filing a timely habeas petition by an "extraordinary circumstance," the Court can fully dispose of the case without determining whether he was reasonably diligent in asserting his rights.

    B.  Use of Petitioner's Conviction as an Aggravating Factor in a Subsequent Capital Case

        The petitioner argues that even if no "extraordinary circumstance" prevented him from filing a timely habeas petition, he is nevertheless entitled to equitable tolling because a lower threshold applies to capital cases.  The petitioner's argument fails because the lesser threshold does not apply to non-capital cases whose convictions may be used as aggravating factors in subsequent capital cases.

        In <u>Fahy v. Horn</u>, the United States Court of Appeals for the Third Circuit announced that the AEDPA's statute of limitations may be equitably tolled for less than "extraordinary

circumstances" in capital cases where the petitioner has been
diligent in asserting his claims and rigid application of the law
would be unfair.  240 F.3d 239, 245 (3d Cir. 2001).  The court
explained that unlike non-capital cases, where attorney error,
miscalculation, inadequate research, or other mistakes do not
rise to the "extraordinary circumstances" needed for equitable
tolling, "death is different."  Id. at 244.  Subsequent cases
have stressed that this narrow exception applies only to capital
cases.  E.g., Merritt v. Blaine, 326 F.3d 157, 169-70 (3d Cir.
2003).

        In the case at hand, the petitioner is not facing the
death penalty.  In fact, on May 29, 2003, the PCRA trial court
granted the petitioner a new trial in the three capital cases in
which the present conviction was used as an aggravating factor.
As such, Fahy's reduced threshold for equitable tolling does not
apply.


III. CERTIFICATE OF APPEALABILITY

        The petitioner is not entitled to a certificate of
appealability because reasonable jurists could not disagree that
the petition is time-barred.

        When a district court denies a habeas petition on
procedural grounds without reaching the underlying constitutional
claims, a certificate of appealability should issue only if (i)
the petition states a valid claim for the denial of a

-17-

constitutional right, and (ii) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000). Here, reasonable jurists could not disagree that the petitioner's habeas petition is time-barred.  It is statutorily barred, and as explained above, equitable tolling does not apply.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHRISTOPHER WILLIAMS          :     CIVIL ACTION
                              :
              v.              :
                              :
JEFFREY A. BEARD, et al.      :     NO. 01-4947


ORDER

AND NOW, this 1st day of December, 2006, upon consideration of the petition for a writ of habeas corpus and the responses thereto, and after reviewing the report and recommendation of United States Magistrate Judge Carol Sandra Moore Wells and the responses thereto, IT IS HEREBY ORDERED that:

1.   The petition for a writ of habeas corpus is DISMISSED with prejudice as being late under 28 U.S.C. § 2244; and

2.   There is no basis for the issuance of a certificate of appealability.


BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.